# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2155

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Olibio Nelson Topete, aka Grumpy, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 8, 2002

Filed: November 25, 2002

_____

Before WOLLMAN, LAY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Olibio Nelson Topete appeals his conviction of conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(viii), 846. Topete contends that the district court[1] improperly admitted testimony of a witness whose name was not disclosed prior to trial pursuant

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

to the district court's stipulated discovery order, as well as that of alleged co-conspirators whose statements Topete considers hearsay. We affirm.

Topete was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The district court entered a stipulated discovery order that required both parties to exchange lists of prospective witnesses no later than five days before trial. Both parties timely filed witness lists in compliance with the order.

Paula Meilleur and her attorney first contacted the government during jury selection. Meilleur expressed interest in being a witness against Topete. As Meilleur had not been included on the government's list of witnesses, the government informed Topete's counsel that Meilleur likely would testify and outlined the probable nature of her testimony. After affording Topete's counsel the opportunity to meet and to question Meilleur, the district court permitted Meilleur to testify.

Topete contends that the district court erred in permitting Meilleur to testify despite the government's failure to include her on the witness list. Putting aside the question whether Topete failed to preserve this error, we conclude that the district court did not abuse its discretion in permitting Meilleur to testify. United States v. Bissonette, 164 F.3d 1143, 1145 (8th Cir. 1999); United States v. Woodard, 671 F.2d 1097, 1099 (8th Cir. 1982). As the district court held, Topete was not prejudiced by Meilleur's testimony, as the other evidence presented sufficiently showed Topete's guilt. The government did not delay in producing Meilleur's name to foil Topete; rather, it disclosed Meilleur's name and the probable nature of her testimony to Topete the day Meilleur contacted the government. Additionally, Topete did not seek a continuance to prepare for Meilleur's testimony. Thus, it was within the court's discretion to modify its pretrial order to permit Meilleur to testify. United States v. John Bernard Indus., Inc., 589 F.2d 1353, 1358 (8th Cir. 1979).

The district court permitted the government's witnesses to testify to out-of-court statements made by Topete's alleged co-conspirators. Rule 801(d)(2)(E) of the Federal Rules of Evidence provides, "A statement is not hearsay if [it] is offered against a party and is (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Topete contends that the district court erred in admitting the co-conspirators' statements because the government presented no credible evidence that Topete had conspired with the individuals whose statements were admitted. "Co-conspirator statements may be admitted against a defendant if the government proves that (1) a conspiracy existed, (2) the declarant and the defendant were members of that conspiracy, and (3) the declaration was made during the course of and in furtherance of the conspiracy." United States v. Jordan, 260 F.3d 930, 933 (8th Cir. 2001) (citation omitted); see also United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978) (enumerating procedural steps to be employed in determining the admissibility of a co-conspirator's statement). At the close of the government's case, the district court "reviewed the statements and determined that the government had satisfied its burden of proof to show that a conspiracy existed and that [Topete] was part of it." United States v. Topete, No. CR-00-4073-DEO (N.D. Iowa filed Apr. 11, 2001). After reviewing the record, we conclude that the district court did not err in this determination. United States v. Alcantar, 271 F.3d 731, 740 (8th Cir. 2001).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-